IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON LATRELL THOMAS,

              Plaintiff,                   CV F 06 1332 LJO WMW PC

        vs.                       ORDER GRANTING LEAVE TO
                                         FILE AN AMENDED COMPLAINT

D. SHEPPARD-BROOKS, et al.,

              Defendants.

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the April 6, 2007, second amended complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at CSP Corcoran, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Corcoran State Prison.  Plaintiff sets forth claims of deliberate indifference to his safety and retaliataion for Plaintiff's exercise of his right to file prison grievances.  Plaintiff names the following individual defendants: Roderick Hickman, Director of the California Department of Corrections and Rehabilitation at the time of the events at issue in this lawsuit; Derral Adams, Warden of CSP Corcoran; D. Sheppard-Brooks, Associate Warden at CSP Corcoran; M. L. Gonzales, a Correctional Counselor at CSP Corcoran; I. Garza, a

1   Correctional Counselor at CSP Corcoran; M. Wilber, a Correctional Officer at CSP Corcoran;

2   Officers James; Officer Price; Officer Frescua; Officer M. Castro; Officer B.V. Kjord.

3       The Eighth Amendment provides that "cruel and unusual punishment [shall not be]

4   inflicted."  "An Eighth Amendment claim that a prison official has deprived inmates of humane

5   conditions of confinement must meet two requirements, one objective and the other subjective."

6   Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.) cert. denied, 514 U.S. 1065, (1995).          The

7   objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the

8   minimal civilized measure of life's necessities.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825,

9   834 (1994)).  To satisfy the subjective prong, a plaintiff must show more than mere inadvertence

10  or negligence.  Neither negligence nor gross negligence will constitute deliberate indifference.

11  Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The Farmer court

12  concluded that "subjective recklesness as used in the criminal law is a familiar and workable

13  standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as

14  the test for deliberate indifference under the Eighth Amendment.  Farmer, 511 U.S. at 839-40.

15      On September 14, 2005, while housed at Pelican Bay State Prison, Plaintiff was found

16  guilty of two incidents of indecent exposure, a prison rules violation.  As a result, an "R" suffix

17  was attached to Plaintiff's file, designating him a sex offender.   Other than the prison rules

18  violation, Plaintiff was never charged with a crime.   Plaintiff filed an inmate grievance, seeking

19  to have the R suffix removed.  Plaintiff's concern was the status of sex offenders in the prison

20  system, and the danger that such a classification would subject him to.  The grievance was

21  denied.  On April 14, 2006, Plaintiff was transferred to Corcoran.

22      Plaintiff appeared at a classification hearing on April 27, 2006.  At that hearing, Plaintiff

23  advised Defendant Sheppard-Brooks of his safety concerns.  Plaintiff sent numerous requests to

24  Defendant Garza regarding the R suffix.  Plaintiff filed another grievance on May 5, 2006,

25  "claiming that his safety was at risk."  Defendant Gonzales responded to the grievance on June

26

2

14, 2006.  Gonzales denied the request.

On July 29, 2006, Plaintiff's cellmate, inmate Sharihore,  discovered the suffix on Plaintiff's paperwork.   Plaintiff was attacked by his cellmate.    During the 5:00 p.m. food tray pick up, Plaintiff and his cellmate "clearly informed Defendant M. Wilber of the altercation and specifically told Wilber that do to his crip gang code Thomas could no longer be housed with Sharihorne."  Wilber left Plaintiff and Sharihorne "to fight it out," after he had informed Defendant James.  Plaintiff received back, neck and head injuries.  Approximately 30 minutes after Wilber left, "Thomas was placed in the headlock, punched in the head areas and rammed forcefully back first into the steel sink and tolet as well as the walls.  Only then that the Defendant M. Wilber and other security officers responded.

On August 6, 2006, Plaintiff filed an inmate grievance concerning deliberate indifference on the part of Defendants Wilber, Garza and Gonzales.  On August 8, 2006, Plaintiff's appeal was partially granted.  On October 5, 2006, the R suffix was removed.  Prior to the removal, Defendant Gonzales placed Plaintiff's request for interview into the institutional mail where other inmates could see the R suffix.

Regarding Plaintiff's claim of deliberate indifference to his safety, the second amended complaint states a claim for relief as to Defendants Sheppard-Brooks, Wilber, James and Gonzales.

Plaintiff alleges that Defendants Price, Frescura, Wilber and Carter starved Black inmates in retaliation for filing grievances.  Plaintiff alleges that they would "provoke" inmates into acting out so they coul "beat and drag" them.  Plaintiff alleges conduct on the part of Defendants that relates to other inmates.

At the end of October 2006, Wilber approached Plaintiff and asked Plaintiff why he filed an inmate grievance.  On November 1, 2006, Defendant Vikjord handed Plaintiff an envelope with a stamp indicating that the mail was returned.  The letter had the word "deceased" stamped

3

1    on it.   Plaintiff alleges that for months, "the prison" refused to process the complaint.    Plaintiff

2    wrote to Defendant Adams and the Internal Affairs Office.

3            On November 17, 2006, Defendant Vikjord threatened to file a false rules violation report

4    in retaliation for Plaintiff's filing of inmate grievances.   Plaintiff again wrote to the Warden.

5    Plaintiff alleges that Defendant Vikjord carried out his threat, and issued a CDC 128A, charging

6    Plaintiff with refusing an order to uncover his cell light.

7            On November 20, 2006, Defendant Frescua searched Plaintiff's cell and confiscated a

8    blanket.  Frescura told Plaintiff that he searched the cell in retaliation for filing inmate

9    grievances.

10           Plaintiff sets forth further allegations of allegedly retaliatory conduct against other

11   inmates for filing inmate grievances.

12           Allegations of retaliation against a prisoner's First Amendment rights to speech or to

13   petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532

14   (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v.

15   Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First

16   Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some

17   adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that

18   such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did

19   not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-

20   68 (9th Cir. 2005).

21           Here, though Plaintiff alleges facts indicating that the conduct at issue was taken in

22   retaliation for the filing of inmate grievances, there are no facts alleged indicating that Plaintiff's

23   exercise of his First Amendment right was actually chilled.  Plaintiff continued to file inmate

24   grievances.

25           Further, Plaintiff refers to other inmate plaintiffs, and alleges retaliation on behalf of other

26

inmates.  Plaintiff, a pro se litigant, may not file claims on behalf of other inmates.  The Court will not address Plaintiff's allegations of conduct related to other inmates.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

As to the retaliation claim, the court finds the allegations in plaintiff's complaint vague and conclusory.   The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

As to Plaintiff's claim of deliberate indifference to his safety, the second amended complaint states a claim for relief as to Defendants Sheppard-Brooks, Wilber, James and Gonzales.  The court will grant Plaintiff leave to file a third amended complaint.  Should Plaintiff fail to do so, this action will proceed on the second amended complaint against Defendants Sheppard-Brooks, Wilber, James and Gonzales on the claim of deliberate indifference.  The remaining claims will be dismissed.

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

2    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. <u>See</u>

3    <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms

4    how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

5    there is some affirmative link or connection between a defendant's actions and the claimed

6    deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.

7    1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

8    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

9    make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended

10   complaint be complete in itself without reference to any prior pleading. This is because, as a

11   general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375

12   F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

13   longer serves any function in the case. Therefore, in an amended complaint, as in an original

14   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

15   In accordance with the above, IT IS HEREBY ORDERED that:

16   1. Plaintiff's is granted thirty days from the date of service of this order to file a

17   third amended complaint that complies with the requirements of the Civil Rights Act, the Federal

18   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

19   docket number assigned this case and must be labeled "Third Amended Complaint."

20

21   IT IS SO ORDERED.

22   **Dated:    March 13, 2008**            _____/s/  William M. Wunderlich_____
                                            UNITED STATES MAGISTRATE JUDGE
23

24

25

26