# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. SHEPPARD-BROOKS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-01332-LJO-YNP PC<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 48) |

Plaintiff Jason Latrell Thomas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Defendants' motion to dismiss based on Plaintiff's failure to properly exhaust all of his administrative remedies prior to filing suit and failure to state a claim. (Doc. #48.) This action is proceeding on Plaintiff's Third Amended Complaint filed on March 28, 2008 against Defendants M. Castro, D. D. Sheppard-Brooks, K. Frescura, I. Garza, I. Hernandez, James, M. L. Gonzalez, Price, Vikjord, and Wilber ("Defendants"). Plaintiff alleges that Defendants violated Plaintiff's rights under the First and Eighth Amendments. Defendants filed their motion to dismiss on June 17, 2009. (Doc. #48.) Plaintiff filed an opposition on July 6, 2009. (Doc. #49.) Defendants filed a reply to Plaintiff's opposition on July 8, 2009. (Doc. #50.) For the reasons set forth below, the Court recommends that Defendants' motion to dismiss be partially granted and that this action proceed on Plaintiff's Eighth Amendment failure to protect claims against Defendants D. D. Sheppard-Brooks, I. Garza, M. L. Gonzales, Wilber, and James. The Court recommends that all other claims be dismissed due to Plaintiff's failure to exhaust his administrative remedies.

**I.      Defendants' Motion to Dismiss**

Plaintiff alleges that Defendants violated his constitutional rights while he was incarcerated at the California State Prison in Corcoran, California ("CSP-Corcoran").  Plaintiff claims that Defendants Wilber, Vikjord, Frescura, Price, Castro, and Hernandez censored his outgoing mail in violation of his rights under the First Amendment. Plaintiff claims that Defendants Vikjord, Wilber, Castro, Frescura, Price, and Hernandez violated Plaintiff's rights under the Eighth Amendment by attacking Plaintiff while he was shackled and not resisting, and by tainting Plaintiff's meals with liquid detergent.  Plaintiff claims that the actions by Defendants Wilber, Vikjord, Price, Frescura, Hernandez, and Castro were out of retaliation against Plaintiff's exercise of his protected right to file grievances against the government and that they engaged in other retaliatory actions against Plaintiff. Finally, Plaintiff claims that Defendants D. D. Sheppard-Brooks, I. Garza, M. L. Gonzales, Wilber, and James violated Plaintiff's Eighth Amendment rights through their deliberate indifference to a serious threat to Plaintiff's safety.  Plaintiff alleges that he was given an R-suffix and that Defendants did not respond to his complaints that the R-suffix placed his life in danger from attack by other inmates.

Defendants filed their motion to dismiss on June 17, 2009.  Defendants argue that they are entitled to dismissal because Plaintiff failed to properly exhaust his administrative remedies prior to filing this action and because Plaintiff's allegations fail to state a claim.  Defendants allege that Plaintiff filed seven administrative grievances concerning his incarceration at CSP-Corcoran before he initiated this action.  (Mem. of P. & A. in Supp. of Mot. to Dismiss Pl.'s Compl. 5:24-25.) Defendants further allege that five of those seven grievances had not yet been completed when Plaintiff initiated this lawsuit on September 25, 2006.  (Mem. of P. & A. in Mot. to Dismiss 5:25-6:1.)  Defendants allege that the remaining grievances were factually insufficient to put the institution on notice of Plaintiff's present claims.  (Mem. of P. & A. in Mot. to Dismiss 6:1-2.)

Defendants also argue that Plaintiff's allegations fail to state a claim against Sheppard-Brooks or Garza.  (Mem. of P. & A. in Mot. to Dismiss 9:17-18.)  Defendants argue that Plaintiff has failed to allege that Sheppard-Brooks or Garza were aware that Plaintiff had been double-celled after he received his R-suffix and did not act with deliberate indifference.  (Mem. of P. & A. in Mot.

1    to Dismiss 9:18-11:17.)  Defendants also argue that Plaintiff fails to state a claim for retaliation
2    based on his tainted meals because Plaintiff does not allege it was motivated by protected conduct.
3    (Mem. of P. & A. in Mot. to Dismiss 11:18-12:2.)  Finally, Defendants argue that Defendant
4    Gonzales is entitled to dismissal because her actions (denying Plaintiff's administrative grievance
5    requesting that his R-suffix be removed) were not sufficient to state a claim.  (Mem. of P. & A. in
6    Mot. to Dismiss 12:3-13:13.)

7    　　　In his opposition, Plaintiff argues that his administrative grievance complaining about his R-
8    suffix, grievance Log No. 06-2480, was partially granted on August 8, 2006.  (Pl.'s Opp'n to Defs.'
9    Mot. to Dismiss His Compl. 1.)  Plaintiff claims that at that point, the appeal was completed because
10   there was no further relief available, though Plaintiff concedes that he continued to pursue his
11   grievance to the Director's Level.  (Pl.'s Opp'n 1.)  However, Plaintiff also alleges that his R-suffix
12   was not removed until October 5, 2006.  (Pl.'s Opp'n 9.)

13   　　　Plaintiff alleges that his grievance complaining about his dangerous cell-mate, grievance Log
14   No. 06-3161, was exhausted before filing suit because it was an emergency appeal that was not
15   processed within the five day time limit for emergency grievances because prison staff re-classified
16   it as a normal prison grievance.  (Pl.'s Opp'n 2.)  Plaintiff also makes vague allegations that
17   Defendants impeded Plaintiff's ability to exhaust by refusing or throwing away his grievances. (Pl.'s
18   Opp'n 3.)  Plaintiff also argues that his amended complaint was filed on March 28, 2008, long after
19   his administrative grievances were fully exhausted.  (Pl.'s Opp'n 1.)

20   　　　In their reply to Plaintiff's opposition, Defendants argue that Plaintiff did not exhaust.  First,
21   Defendants argue that Plaintiff's vague allegations that he submitted an unidentified grievance that
22   was rejected as untimely does not excuse him from exhausting.  (Reply in Supp. of Mot. to Dismiss
23   Pl.'s Compl. 2:20-25.)  Defendants further concede that some responses to Plaintiff's grievances
24   were untimely, however, the delays do not excuse Plaintiff from the exhaustion requirement because
25   Plaintiff could have filed a timely appeal to the next level of review.  (Reply 2:26-3:8.)  In their
26   reply, Defendants also withdraw their argument that Plaintiff has failed to link Sheppard-Brooks to
27   any constitutional violation.  (Reply 6 n.4.)  Defendants continue to argue that Garza has not been
28   linked to any constitutional violations and that both Sheppard-Brooks and Garza have not been

shown to have acted with deliberate indifference. (Reply 6:9-8:6.) Defendants also continue to argue that Plaintiff failed to allege that Defendants' tainting his meals was motivated by protected conduct and that Gonzales' actions are not sufficient to hold him/her liable. (Reply 8:7-9:20.)

Plaintiff thereinafter filed a motion "to Supplement his Opposition to the Defendants' Motion to Dismiss Points & Authorities." (Doc. #51.) Plaintiff alleges that the prison official who responded to grievance Log No. COR-6-06-02480 told Plaintiff that the appeal was completed. (Pl.'s First Req. Asking to Allow Him to Supplement His Opp'n to the Defs.' Mot. to Dismiss P. & A. 1.) Plaintiff also reiterates that he has effectively exhausted his administrative remedies because his attempts to appeal were sufficient to put Defendants on notice of his claims, and that his remedies were exhausted by the time Plaintiff filed his Third Amended Complaint. (Pl.'s Supplement 2.)

**II.     Discussion**

      **A.     Failure to Exhaust**

Defendants argue that Plaintiff failed to properly exhaust his administrative remedies. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth, 532 U.S. at 741.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Cal. Code Regs.

tit 15, § 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense which Defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Id. at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

The Ninth Circuit has not yet decided whether exceptions to the PLRA's exhaustion requirement exist. Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008). However, other circuits have held that the exhaustion requirement is satisfied when prison officials prevent exhaustion from occurring through misconduct, or fail to respond to a grievance within the policy time limits. See, e.g. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir.2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir.2007) (Courts are "obligated to ensure any defects in exhaustion were not procured from the action of inaction of prison officials."); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir.2006) (administrative remedy not available if prison employees do not respond to a properly filed grievance or use affirmative misconduct to prevent a prisoner from exhausting); Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir.2004) ("administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance"); Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (inability to utilize inmate appeals process due to prison officials' conduct or the failure of prison officials to timely advance appeal may justify failure to exhaust); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir.2002) (the failure to respond to a grievance within the policy time limits

renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir.2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir.2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir.1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir.1998) (when time limit for prison's response has expired, the remedies are exhausted); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir.2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Brown v. Croak, 312 F.3d 109, 113 (3d Cir.2002) (formal grievance procedure not available where prison officials told prisoner to wait for termination of investigation before filing formal grievance and then never informed prisoner of termination of investigation); Miller v. Norris, 247 F.3d 736, 740 (8th Cir.2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy).

### 1.     **Plaintiff's Grievances**

Defendants identify seven grievances that Plaintiff filed before Plaintiff initiated this lawsuit. Two of the grievances concern issues that do not address the claims in this lawsuit (Log No. COR-6-06-03507 regarding delays in medical treatment, Log No. COR 6-06-03242 regarding Plaintiff's attempts to obtain copies of documents in his central file). (Mem. of P. & A. in Mot. to Dismiss 6:3-16.)  Thus, these grievances do not exhaust the administrative remedies for any claims that are the subject of this lawsuit.

Defendants allege that grievance Log No. COR-6-06-2480 appealed Plaintiff's R-suffix, but was not exhausted before Plaintiff filed suit because the Director's Level decision was not issued until January 2007. (Mem. of P. & A. in Mot. to Dismiss 6:17-20.) In response, Plaintiff alleges that Log No. COR-6-06-2480 was "partially granted" on August 8, 2006.  (Pl.'s Opp'n to Def.'s Mot. to Dismiss His Compl. Mem. of P. & A. 4:6-8.)  Plaintiff argues that his administrative remedies were exhausted at this point because he sought money damages and there was no other relief available beyond what was "partially granted." (Plaintiff's Opp'n 1.)  However, two allegations in Plaintiff's opposition contradict that argument.  First, the fact that Plaintiff continued to appeal the

grievance after it was "partially granted" suggests that further relief was available. Secondly, and more definitely, Plaintiff concedes that "[b]ased on that appeal (Log No. COR-6-06-2480) the "R" suffix was removed on October 5, 2006." (Pl.'s Opp'n Mem. of P. & A. 4:9-10.) Thus, further relief was available in the form of removal of the R-suffix, which occurred after Plaintiff appealed the "partially granted" lower level appeal and after Plaintiff initiated this action. Thus, remedies were still available when Plaintiff filed suit and the administrative grievance process involving grievance Log No. COR-6-06-2480 was not completed when this action was initiated.

Grievance Log No. COR-06-4077 alleged retaliation by Gonzales because she did not want to do her job and sent confidential information about Plaintiff's R-suffix to Plaintiff via institutional mail. (Mem. of P. & A. in Mot. to Dismiss 6:21-23.) Defendants allege that this grievance was filed September 24, 2006 (one day before this action was initiated) and the Director's Level response was issued in April 2007. (Mem. of P. & A. in Mot. to Dismiss 6:24-26.) Plaintiff does not dispute any of these facts. Thus, grievance Log No. COR-06-4077 did not exhaust the administrative remedies for any of the claims that are the subject of this lawsuit.

Grievance Log No. COR-6-06-03778 alleged that Defendants Frescura, Wilber, Carter, and Price starved black inmates in retaliation for filing administrative grievances and housed Plaintiff in a broken cell. (Mem. of P. & A. in Mot. to Dismiss 7:1-3.) Defendants allege that the grievance was not exhausted before Plaintiff filed suit because the Director's Level response was issued in February 2007. Mem. of P. & A. in Mot. to Dismiss 7:4-5.) Plaintiff does not dispute any of these facts. Thus, grievance Log No. COR-6-06-03778 did not exhaust the administrative remedies for any of the claims that are the subject of this lawsuit.

Grievance Log No. COR-06-3190 alleged that Plaintiff was housed in a cell without lights and that Plaintiff previously appealed the issue but did not receive a response. (Mem. of P. & A. in Mot. to Dismiss 7:15-17.) Defendants allege that Plaintiff was moved to a cell with adequate lighting before a first level response granted the grievance. (Mem. of P. & A. in Mot. to Dismiss 7:17-19.) Defendants argue that this grievance did not put prison officials on notice because nothing in the grievance indicated that Plaintiff was intentionally housed in a cell without lights out of retaliation for Plaintiff's protected conduct. (Mem. of P. & A. in Mot. to Dismiss 7:22-26.) Plaintiff

does not dispute any of these facts. The Court finds that Plaintiff did not provide enough information in his grievance to allow prison officials to take appropriate responsive measures. See Griffin v. Arpaio, 557 F.3d 1117, 1121 (9th Cir. 2009) (quoting Johnson v. Testman, 380 F.3d 691, 697 (2d Cir. 2004)). Plaintiff's legal claims are not that he was placed in a cell without light, but that Defendants had placed him in that cell out of retaliation for Plaintiff's exercise of protected conduct. Plaintiff was moved to a cell with a working light, and thus prison officials likely concluded that the grieved of problem was solved. Because Plaintiff failed to notify prison officials that the cell housing was retaliatory, Plaintiff's grievance did not provide them with adequate notice to address the problem. Thus, grievance Log No. COR-06-3190 did not exhaust the administrative remedies for any of the claims that are the subject of this lawsuit.

Grievance Log No. COR-6-06-03161 alleged that Defendants Gonzales, Garza, and Wilber failed to protect Plaintiff from harm caused by the R-suffix. (Mem. of P. & A. in Mot. to Dismiss 7:6-8.) Defendants allege that the grievance was responded to on October 3, 2006–after Plaintiff initiated suit. (Mem. of P. & A. in Mot. to Dismiss 7:8-9.) Defendants further allege that the informal and first levels of review were initially bypassed, but the grievance was later reclassified and remanded back to the first level of review where it was partially granted. (Mem. of P. & A. in Mot. to Dismiss 7:9-11.) Defendants allege that Plaintiff never appealed the grievance to the second or Director's levels of review. (Mem. of P. & A. in Mot. to Dismiss 7:11-12.) Plaintiff alleges that he filed grievance Log No. COR-6-06-03161 on August 6, 2006. (Pl.'s Opp'n Mem. of P. & A. 4:25-26.) Plaintiff alleges that Defendants did not respond within the 30 days given for first level review, or the 20 working days given for second level review. (Pl.'s Opp'n Mem. of P. & A. 4:26-5:8.) Plaintiff then filed a third level grievance but it was rejected. (Pl.'s Opp'n Mem. of P. & A. 5:6-8.) Defendants respond by conceding that the response was untimely, but that remedies remained available and that Plaintiff's lawsuit was still premature because it takes sixty working days to receive a Director's Level response after Plaintiff completes all the lower levels of review. (Reply 3:17-24.)

The Court begins its analysis by adopting the position held by other circuits that the exhaustion requirement is satisfied when prison officials ignore a grievance by failing to respond

within the policy time limits. Both Plaintiffs and Defendants agree that Plaintiff's grievance Log No. COR-6-06-03161 was filed on August 6, 2006. Plaintiff had not received any response when he filed suit on September 25, 2006. Plaintiff's grievance was treated as a first level grievance, and thus Plaintiff should be able to rely on prison officials responding to the grievance within the policy time limits for first level grievance. That prison officials could have theoretically given themselves more time by classifying the grievance as a Director's Level grievance does not excuse prison officials from meeting their own policy time limits. Thus, the Court finds that when Plaintiff filed suit on September 25, 2006, his administrative remedies for the claims brought in grievance Log No. COR-6-06-03161 were exhausted because prison officials failed to respond to the grievance within policy time limits. The Court further finds that Plaintiff's actions in pursuing higher levels of appeal when he finally received a response <u>after</u> he initiated this lawsuit did not "un-exhaust" his claims. Thus, Plaintiff's administrative remedies related to his claims that Defendants' failed to protect Plaintiff from the risk of harm caused by his R-suffix are exhausted.

### 2. Other Claims

Plaintiff alleges that he filed a number of grievances after he initiated this lawsuit. Grievances that Plaintiff filed after initiating this lawsuit do not properly exhaust his administrative remedies. Plaintiff must fully exhaust his administrative remedies <u>before filing suit</u>, not before filing any amended complaint. A prisoner does not comply with the exhaustion requirement by exhausting available remedies during the course of litigation. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002). By extension, any claims premised on events that occurred after Plaintiff filed suit cannot be added to this action because Plaintiff's administrative remedies concerning those claims could not have been exhausted prior to initiating this action. Plaintiff's argument that those claims were exhausted by the time he filed his Third Amended Complaint is unavailing. Those claims cannot be added to this lawsuit because the relevant deadline is the date that this action was initiated–September 25, 2006. Any claims exhausted after that date must be brought in a separate action.

Plaintiff sets forth other arguments that either his administrative remedies should be deemed exhausted, or that he is excused from exhausting. Plaintiff alleges that he put prison officials on

9

notice via letters and complaints addressed directly to the warden, or other prison officials. Plaintiff also alleges that his mother filed a complaint on his behalf. (Pl.'s Opp'n Mem. of P. & A. 4:20-23.) Defendants are correct in pointing out that the exhaustion requirement requires proper exhaustion, which means complying with the prison's procedural rules for filing administrative grievances. The touchstone inquiry of the exhaustion requirement is whether Plaintiff properly exhausted his administrative remedies, not whether Plaintiff put Defendants on notice of his claims. There is no indication that informal letters and letters from Plaintiff's mother are acceptable methods for pursuing administrative remedies in CSP-Corcoran's grievance system.

Plaintiff also alleges that many of his grievances were ignored, not responded to, stolen, and/or destroyed. Plaintiff's allegations of ignored, lost, stolen, and destroyed grievances are too vague to effectively rebut Defendants' claims that Plaintiff has failed to exhaust his administrative remedies. Plaintiff provides no details regarding the contents of any of these grievances or when he attempted to file them. Thus, Plaintiff has not provided the Court with any allegations or evidence that suggest his administrative remedies for the claims that are the subject of these lawsuits were obstructed. Had Plaintiff identified the contents of the ignored, lost, stolen, or destroyed grievances, the Court may be able to determine that Plaintiff's administrative remedies for those claims were obstructed. However, the vague allegation that some grievances were ignored is not sufficient to support the inference that Plaintiff's administrative remedies were wrongfully obstructed for all of his claims, particularly when there is ample evidence that many of Plaintiff's grievances were recorded and responded to. Plaintiff fails to rebut Defendant's showing that Plaintiff failed to exhaust his administrative remedies for all his claims except Plaintiff's claims regarding the danger to his safety posed by the R-suffix.

**B.    Failure to State a Claim**

    **1.    Claims Against Defendants Sheppard-Brooks and Garza**

Defendants argue that Plaintiff has failed to state a claim against Defendants Sheppard-Brooks and Garza because (1) Plaintiff fails to allege a link between Garza and the alleged constitutional violations; and (2) Plaintiff fails to allege that Sheppard-Brooks and Garza acted with deliberate indifference.

Plaintiff was transferred to CSP-Corcoran on April 14, 2006. (Compl. ¶ 19.) Defendant Garza was assigned as his correctional counselor. (Compl. ¶ 19.) Plaintiff informed members of the ICC that his life was in danger because of the R-suffix on multiple occasions "prior to and on" April 27, 2006. (Compl. ¶ 19.) Sheppard-Brooks and Garza did not remove the R-suffix. (Compl. ¶ 22.) Plaintiff was double-celled at the end of June 2006. (Compl. ¶ 22.) Defendants argue that "[a]t most, [Plaintiff's] allegations show that [Sheppard-Brooks and Garza] knew that [Plaintiff] believed his R-suffix was unjustified and created safety concerns." (Mem. of P. & A. in Mot. to Dismiss 10:24-26.) Defendants argue that Garza has not been linked to any constitutional violation because Plaintiff was not double-celled at any point in time when he was Plaintiff's correctional counselor, and thus, Plaintiff was never in danger at any point in time when Garza was Plaintiff's correctional counselor. Defendants further argue that Plaintiff has not alleged that Sheppard-Brooks or Garza acted with deliberate indifference because Plaintiff has not alleged that they knew the R-suffix was improper, or knowingly disregarded any substantial, serious risk to his safety. Defendants conclude that at most, Sheppard-Brooks and Garza were aware of the hypothetical risk that Plaintiff could have faced if he were double-celled with another inmate in the future.

Defendants argue that there is no established constitutional right not to be assigned an R-suffix. However, the relevant inquiry is not whether Plaintiff has a right not to be assigned an R-suffix. Even if an R-suffix is properly assigned, if a prisoner notifies prison authorities that his R-suffix placed him in substantial risk of serious harm, prison authorities are required by the constitution to take steps to protect him. Plaintiff alleges that Sheppard-Brooks and Garza both had the power either to remove the R-suffix or to place Plaintiff on single cell status pending investigation of his safety concerns. (Pl.'s Opp'n Mem. of P. & A. 11.) Whether there existed a substantial risk of serious harm at any point in time when Garza was assigned as Plaintiff's correctional counselor is a factual question that is more appropriately addressed on a motion for summary judgment or at trial. Defendants believe that the risk to Plaintiff had not yet crystallized to the point of an Eighth Amendment violation because Plaintiff was not yet double celled and the risk of his R-suffix being discovered by other inmates was too speculative. Plaintiff contends that both the risk of getting double-celled and the risk of disclosure of the R-suffix were sufficient to

warrant preventative action by Sheppard-Brooks and Garza.  The Court finds that Plaintiff has alleged enough to overcome a 12(b)(6) motion.

### 2. Retaliation Claims for Tainted Meals

Defendants argue that Plaintiff fails to state a claim for retaliation based on his allegations that his meals were tainted with pain inducing substances because Plaintiff does not allege that the actions were motivated by protected conduct. (Mem. of P. & A. in Mot. to Dismiss 11:18-12:2.) Because the Court finds that Plaintiff has failed to exhaust his administrative remedies regarding these claims and that the claims should therefore be dismissed, the Court need not address the merits of Defendants' arguments.

### 3. Claims Against Defendant Gonzales

Defendants argue that Defendant Gonzales is entitled to dismissal because Plaintiff has failed to allege sufficient facts to establish liability. (Mem. of P. & A. in Mot. to Dismiss 12:3-13.) Plaintiff alleges that M. L. Gonzales was a correctional counselor in charge of ensuring the accuracy of Plaintiff's departmental records. (Compl. ¶ 6.) Plaintiff filed an emergency appeal on May 11, 2006 to have his R-suffix removed and Gonzales was assigned to process the appeal. (Compl. ¶ 20.) Plaintiff's emergency appeal was treated as a non-emergency appeal and Gonzales denied the appeal with "reckless disregard to the serious risk posed to Plaintiff's health by the R-suffixation." (Compl. ¶ 21.) Gonzales would later concede that the R-suffix was inappropriate and had "actual knowledge of the serious risk posed to Plaintiff's health by the R-suffix," yet "failed to take any or remedial action to remove the R or protect Plaintiff from attack based on the R suffix." (Compl. ¶ 23.) Plaintiff was later attacked twice by his cellmate because of his R-suffix. (Compl. ¶ 25.)

Plaintiff's allegations against Defendant Gonzales are sufficient to state a claim. Although Plaintiff's appeal was filed before Plaintiff was actually double-celled, it is possible that a substantial risk it existed even before Plaintiff was double-celled. See discussion supra Part II.B.1.  If the probability of Plaintiff being double-celled was sufficiently high, and the probability of his cell-mate discovering his R-suffix was sufficiently high, it may rise to the level of an Eighth Amendment violation for a prison official to ignore the risk when he/she a reasonable opportunity to preemptively eliminate the risk by either removing the R-suffix or by putting Plaintiff on single-cell status.

1  Plaintiff alleges that Gonzales did nothing, which ultimately led to Plaintiff being double-celled,
2  Plaintiff's cell-mate learning about the R-suffix, and Plaintiff being attacked by his cell-mate.
3        Defendants contend that the failure to respond appropriately to an administrative grievance
4  is not actionable in the Ninth Circuit. Defendants' proposition is only partially true. The failure to
5  respond to an administrative grievance is not in itself a violation of the constitution because
6  prisoners do not have a constitutional right to access a prison grievance system. See Ramirez v.
7  Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.3d 639, 640 (9th Cir. 1988).
8  However, if a prisoner alleges that an administrative grievance gave prison authorities actual
9  knowledge of a substantial risk of serious harm to the prisoner and the same prison authorities fail
10 to take any action to protect the prisoner, that prisoner may be able to state a cognizable claim for
11 the violation of his rights under the Eighth Amendment. The cases cited by Defendants are
12 unavailing here. The 9th Circuit in Ramirez and Mann, only held that prisoners have no legitimate
13 claim of entitlement to a grievance procedure, which is not at issue here. In Curtis v. Buckely, 2006
14 U.S. Dist. LEXIS 76201 (E.D. Cal October 10, 2006), the plaintiff claimed that he was denied due
15 process when his inmate appeals were ignored. Here, Plaintiff is not alleging that he has a liberty
16 interest in the processing of his appeals. Plaintiff is alleging that Gonzales knew that Plaintiff's
17 faced a substantial risk of serious harm and acted with deliberate indifference by failing to take steps
18 to protect Plaintiff. Plaintiff is not complaining about the inmate grievance system, Plaintiff is
19 alleging that the inmate grievance system is the means by which Gonzales learned about the
20 substantial risk of serious harm. The second case cited by Defendants, Hooker v. Simon, 2007 U.S.
21 Dist. LEXIS 56824 (E.D. Cal. July 24, 2007), is equally unavailing. In that case, the plaintiff's
22 complaint was dismissed because the plaintiff failed to support his conclusory allegations with
23 adequate factual support to make his claims plausible–a requirement under Federal Rule of Civil
24 Procedure 8. Here, Plaintiff has provided specific factual allegations demonstrating Gonzales' actual
25 knowledge of the risk to Plaintiff's safety and Gonzales' failure to act to protect Plaintiff. Similarly,
26 Hightower v. Schwarzenegger, 2007 U.S. Dist. LEXIS 20520 (E.D. Cal. March 8, 2007), was also
27 based on the non-cognizability of due process claims premised on the denial of inmate grievances
28 and the plaintiff's failure to meet the pleading requirements of Federal Rule of Civil Procedure 8.

1  As such, the Court finds that Plaintiff states a cognizable claim against Gonzales for the violation
2  of Plaintiff's Eighth Amendment rights.

### III.  Conclusion and Recommendation

Defendants identify seven grievances regarding the conditions at CSP-Corcoran that Plaintiff had filed before initiating this lawsuit. Five of the seven grievances either did not address the events in this complaint or were not fully completed by the time Plaintiff initiated this lawsuit. Grievance Log. No. COR-06-3190 failed to put prison officials on notice about the retaliatory nature of his placement in a cell without working lights, and thus did not fulfill the exhaustion requirement for his retaliation claim.

Grievance Log No. COR-6-06-03161 concerned the threat to safety caused by Plaintiff's R-suffix and was completed for purposes of the exhaustion requirement when Plaintiff initiated this lawsuit. All other grievances filed and/or completed after this lawsuit was initiated do not fulfill the exhaustion requirement. Thus, Defendants have adequately met their burden of demonstrating that Plaintiff has failed to exhaust his administrative remedies for his First Amendment freedom of expression claims, First Amendment retaliation claims, and Eighth Amendment use of excessive force claims against Defendants Wilber, Vikjord, Frescura, Price, Castro, and Hernandez.

Having determined that Plaintiff's Eighth Amendment failure to protect claims were properly exhausted, the Court rejects Defendants' arguments that Plaintiff's factual allegations fail to establish a claim against Defendants Sheppard-Brooks, Garza, and Gonzales. Plaintiff has sufficiently alleged that Sheppard-Brooks, Garza, and Gonzales were aware of a substantial threat to Plaintiff's safety and failed to take adequate remedial efforts to address that threat. This action should proceed on Plaintiff's Eighth Amendment failure to protect claim against Defendants D. D. Sheppard-Brooks, I. Garza, M. L. Gonzales, Wilber, and James.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.  Defendants' motion to dismiss, filed June 17, 2009, be GRANTED with respect to Plaintiff's First Amendment freedom of expression claims, First Amendment retaliation claims, and Eighth Amendment use of excessive force claims against Defendants Wilber, Vikjord, Frescura, Price, Castro, and Hernandez; and

      2.      Defendants' motion to dismiss be DENIED with respect to Plaintiff's Eighth Amendment failure to protect claims against Defendants D. D. Sheppard-Brooks, I. Garza, M. L. Gonzales, Wilber, and James.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 16, 2009**         /s/ Sandra M. Snyder
                                                                        UNITED STATES MAGISTRATE JUDGE