# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS, | CASE NO. 1:06-cv-01332-LJO-SKO PC |
| Plaintiff, | ORDER RE MOTIONS |
| v. | (Docs. 65, 78, 79, 83) |
| D. SHEPPARD-BROOKS, et al., | |
| Defendants. | |

Plaintiff Jason Latrell Thomas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court are motions related to discovery.

**I.   Discussion**

    **A.   Plaintiff's Motion to Open Discovery**

On October 30, 2009, Plaintiff filed a motion requesting the Court to issue an order opening discovery.  (Doc. #65.)  The Court issued a discovery order on December 10, 2009.  (Doc. #69.)  Accordingly, Plaintiff's motion will be denied as moot.

    **B.   Motions Concerning Depositions**

On June 3, 2010, Defendants filed a motion requesting leave to conduct Plaintiff's deposition via a video conference.  (Doc. #78.)  Plaintiff has not opposed the request and filed a motion on July 27, 2010 requesting the Court "to schedule the deposition of Sergeant R. Salinas and prisoner Stacey Sharehorne via vedio[sic] conference."  (Doc. #83.)

///

1

The Court will grant both parties leave to conduct depositions via a video conference. However, Plaintiff is advised that the Court is generally not involved with scheduling and conducting depositions. Discovery is generally a self-executing process. It is Plaintiff's responsibility to schedule the deposition, provide proper notice to the deponent, and to bear the costs associated with the deposition. Plaintiff must bear the cost of recording the deposition, as required by Rule 30(b)(3)(A), and must also bear the cost of transcription if he intends to use the deposition as evidence in a court proceeding. Further, Plaintiff must arrange for an officer to conduct the deposition as required by Rule 30(b)(5).

Additionally, Plaintiff has identified a non-party correctional officer as a potential deponent. Plaintiff is required to pay witness fees pursuant to 28 U.S.C. § 1821 to depose a non-party. Therefore, Plaintiff's motion will be granted to the extent that he is requesting permission to conduct a deposition via a video conference. Plaintiff's motion will be denied to the extent that he is asking the Court to schedule any depositions on Plaintiff's behalf.

The Court notes that the deadline for conducting discovery is August 10, 2010. To the extent that the parties need an extension of time to conduct depositions due to the delay caused by the Court in granting their motion to conduct a deposition via a video conference, the parties are advised to file a request for an extension of time that demonstrates that they intend, and are able, to conduct a deposition in compliance with the Federal Rules of Civil Procedure.

### C. Defendants' Motion to Vacate the Scheduling Order

On June 14, 2010, Defendants filed a motion to vacate the scheduling order. (Doc. #79.) Defendants argue that good cause exists to vacate the scheduling order because Plaintiff has been in acute psychiatric care since April 2010, and Defendants have not yet propounded any written discovery on Plaintiff or taken his deposition. However, Plaintiff filed an opposition to Defendants' motion indicating that, while he has indeed been transferred to the Department of Mental Health because of depression, he is able to participate in discovery.

It appears that Defendants assumed, prematurely, that Plaintiff would be unable to participate in discovery as Defendants have not attempted to conduct discovery and Plaintiff has indicated that he would have been able to participate in discovery. Accordingly, the Court finds that Defendants

have not demonstrated good cause to vacate the discovery scheduling order.

**II.**     **Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's October 30, 2009 motion to open discovery is DENIED as moot;

2. Defendants' June 3, 2010 motion for leave to conduct Plaintiff's deposition via a video conference is GRANTED;

3. Defendants' June 14, 2010 motion to vacate the scheduling order is DENIED;

4. Plaintiff's July 27, 2010 motion is GRANTED to the extent that he is requesting permission to conduct a deposition via video conference; and

5. Plaintiff's July 27, 2010 motion is DENIED to the extent that he is requesting the Court to schedule the` depositions.

IT IS SO ORDERED.

Dated:   August 6, 2010                                /s/ Sheila K. Oberto
                                                       UNITED STATES MAGISTRATE JUDGE