IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS, | Case No. 1:06-cv-1332-LJO-JLT (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL |
| vs. | |
| D. SHEPPARD-BROOKS, | (Doc. 120) |
| Defendant. | |

On September 16, 2011, Plaintiff filed a motion seeking the appointment of counsel. (Doc. 106.) At that time, Plaintiff was advised that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and that the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Plaintiff was advised further that only in certain exceptional circumstances may the Court request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Again, Plaintiff is reminded that to determine whether "exceptional circumstances exist, the Court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotations and citations omitted).

Nevertheless, on December 2, 2011, Plaintiff again filed a motion for appointment of

1 counsel. (Doc. 120) In support of the motion, Plaintiff reports that he suffers from a mental illness that causes him to hurt himself. Id. Likewise, he reports that he does not always understand what is happening in the case. Id.

Importantly, on the same day that Plaintiff filed his motion, the Court conducted the trial confirmation hearing. (Doc. 119) At that hearing, Plaintiff reported that he suffered from schizoaffective disorder. However, when the Court questioned whether he had ever been determined to be incompetent he denied this and affirmed that he *was* competent and understood the requirements of his lawsuit. Moreover, the Court found him to be on-point and to understand the purpose of the hearing and what would occur in the future with his case. Though the Court has no doubt that parts of the litigation are perplexing and Mr. Thomas is concerned about the presentation of his case at trial, he is no different from any other case the Court has handled where the inmate-plaintiff is daunted by the process. Through this litigation, Mr. Thomas has demonstrated an ability to prosecute his action in a coherent fashion. Thus, the motion is **DENIED**.

On the other hand, Plaintiff's representations related to his mental illness are not sufficient for the Court to determine that it interferes with his ability to prosecute his case. Plaintiff is required to provide a statement from his doctor which demonstrates that he would be unfairly impacted by the litigation and trial process due to his mental illness before the Court would reconsider this ruling.

Accordingly, for all the reasons set forth above, it is **HEREBY ORDERED** that Plaintiff's December 2, 2011 motion for the appointment of counsel (Doc. 120) is **DENIED**.

IT IS SO ORDERED.

Dated:  **December 5, 2011**                              /s/ Jennifer L. Thurston
                                                          UNITED STATES MAGISTRATE JUDGE