IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS,<br><br>    Plaintiff,<br><br>    vs.<br><br>D. SHEPPARD-BROOKS,<br><br>    Defendant.<br>_____ | ) Case No. 1:06-cv-1332 JLT (PC)<br>)<br>) ORDER GRANTING IN PART AND<br>) DENYING IN PART PLAINTIFF'S<br>) REQUEST FOR ATTENDANCE OF<br>) INCARCERATED WITNESSES<br>)<br>) (Doc. 113)<br>)<br>) ORDER GRANTING DEFENDANTS'<br>) REQUEST TO MODIFY PRETRIAL<br>)<br>   (Doc. 123) |

Before the Court are two motions filed by the parties. In the first, Plaintiff seeks an order that certain incarcerated witnesses be permitted to attend and give testimony at trial. (Doc. 113) As set forth below, this motion is **GRANTED IN PART** and **DENIED IN PART**. In the second motion, Defendants seek to amend their pretrial conference statement to add a witness who was inadvertently omitted from their earlier-filed statement. (Doc. 123) For the reasons set forth below, this motion is **GRANTED**.

**I.    Motion for attendance of incarcerated witnesses**

On September 30, 2011, the Court issued its Second Scheduling Order. (Doc. 112) This order set forth the requirements for the parties to obtain the attendance of incarcerated witnesses. As to incarcerated witnesses who agree to testify, in the motion seeking the witnesses' attendance at trial, the moving party was required to demonstrate that the witness had first hand knowledge

of the events and is willing to testify. Id. at 2-3. A detailed declaration is required to demonstrate both issues. Id. The same requirements apply for incarcerated witness who have not agreed to testify voluntarily except that the moving party is required to detail this refusal. Id.

### A.     Failure to obtain current agreements to testify

In his motion, Plaintiff provides a declaration in which he attests that each of the witnesses told him he was willing to testify voluntarily without a subpoena. (Doc. 113 at 2) Mr. Thomas reports that the witnesses' communicated their agreement to testify in June 2009. Id. After this, Mr. Thomas was transferred away from these witnesses and has had no contact with them since that time. Id. at 4. Defendants object that this declaration does not demonstrate a current willingness to testify. (Doc. 118 at 3)

The Court is aware that Plaintiff has no ability to maintain contact with these inmates absent special permission granted by the CDCR. As a result, the Court does not find that Plaintiff's failure to demonstrate more recent agreement to testify is willful but, instead, is a consequence of his incarceration. Thus, the Court will not deprive Plaintiff of the ability to call these witnesses to testify based upon this circumstance.[1] Thus, the objection is **OVERRULED**.

### B.     Witness E. Martin

Plaintiff proposes to introduce the testimony of inmate Eugene Martin who, he reports, will "give testimony [that] inmates with R suffix are subjected to be attacked by other active inmates." (Doc. 113 at 3) Plaintiff reports that Mr. Martin "was an inmate at Corcoran for years and [will] give expert testimony concerning inmates with R suffixs [sic]." Id. at 4. Plaintiff asserts that Mr. Martin has personal knowledge of this topic and agreed to testify when he and Plaintiff were last housed at the same institution in 2009.

Defendants object that there is an insufficient showing of personal knowledge in the declaration, that he was not identified as an expert witness in Plaintiff's pretrial statement and that there is an inadequate showing of expertise.

---

[1] In the event that any of these witnesses file a statement indicating that they lack personal knowledge of the incidents at issue or they will assert a privilege against giving testimony or other basis that would preclude their ability to testify, the Court will reconsider Plaintiff's motion at that time.

1    Notably, F. R. E. 702 permits expert opinion whenever it will help the trier of fact to
2 understand the evidence or to determine a fact in issue but only if it is based on sufficient facts or
3 data, it is the result of reliable principles and methods and the expert has reliably applied these
4 principles and methods to the data.  Here, though Court has little doubt that Mr. Martin has
5 expertise on issues of incarceration, he will not be permitted to testify on the topic proposed by
6 Plaintiff.

7    First, it appears that Martin's expertise is as a result of his own personal experience as an
8 inmate.  The Court has no concern in this regard because this experience is beyond the
9 knowledge of most jurors and could assist the trier of fact understand the evidence or to
10 determine a fact.  However, the Court has grave doubts that Martin's personal experience is
11 sufficiently broad so that the Court lacks confidence that the information he would provide is
12 reliable.  For example, Mr. Martin may testify that he is aware that inmates whose files are given
13 an R suffix, are subject to violence.  Indeed, he may testify that *every* inmate he knows of with an
14 R suffix has been the subject of violence.  However, this limited sample of the R-suffix prison
15 population is insufficient to provide the Court any confidence that his opinions are relevant.

16    Mr. Martin *cannot* know how many inmates with an R suffix have never suffered targeted
17 violence, how many are able to maintain the confidentiality of the R suffix classification or
18 whether the R suffix universally poses a risk to the inmate.  Moreover, he cannot opine as to
19 what the Defendants knew or what they should have known based only on his limited experience.
20 Likewise, he cannot opine as to the training given officers on this topic, what protective measures
21 are in place to prevent targeted violence based upon an R suffix or whether, given this training
22 and the protective measures in place, officers are required to have a heightened concern for these
23 inmates.

24    Second, only limited issues remain to be litigated in this case and the generalized risk
25 posed by an R classification is not at issue.  Instead, this case now concerns only whether
26 Defendants acted unconstitutionally in failing to protect Plaintiff on July 29, 2006 after he
27 reported that he had been attacked by inmate Sharlhorne and reported that Sharlhorne made
28 threats of imminent future harm.  (Doc. 20 at 9-10)

1    Thus, because Mr. Martin's testimony is not relevant to the matters remaining in this
2 litigation and because the Court does not have confidence that Mr. Martin's experience is
3 sufficient such that he can provide opinions that are the product of reliable principles and
4 methods, the request for his attendance at trial is **DENIED**.

        **C.     Witnesses Stacey Sharlhorne, James Mitchell and Edward Thomas**

6    As noted above, Defendants object to these inmates testifying at trial due to Plaintiff's
7 failure to demonstrate that they are currently willing to testify. However, for the reasons set forth
8 above, the Court will not exclude these witnesses on this basis.

9    On the other hand, Plaintiff has provided the Court sufficient information that these
10 witnesses have personal knowledge of the events at issue. First, Stacey Sharlhorne is the person
11 alleged to have attacked Plaintiff before and after Defendants were informed of the risk he posed
12 to Plaintiff.[2] Edward Thomas and James Mitchell were housed in the adjacent cell and
13 purportedly heard the entire event. Also, they saw the injuries Plaintiff suffered as a result of the
14 attacks. Therefore, the request for the attendance of these witnesses at trial is **GRANTED**.

**II.    Motion to amend the pretrial statement**

16    Defendants report that through inadvertence, counsel failed to list a witness, M. Gonzales,
17 on their pretrial statement. (Doc. 123 at 2) Defendants report that Gonzales has filed a
18 declaration in support of their motion for summary judgment and, consequently, Plaintiff is
19 aware of this witness and the substance of his expected testimony. Id.

20    Because it appears that Defendants have not acted willfully in failing to list Gonzales as a
21 witness on their pretrial statement, because it appears that Plaintiff is filly aware of this witnesses
22 and his intended testimony and because no prejudice will result in the amendment at this time,
23 Defendants' motion to amend their pretrial statement is **GRANTED**.

24 IT IS SO ORDERED.

25 Dated:   **December 14, 2011**               /s/ Jennifer L. Thurston
                                                                          UNITED STATES MAGISTRATE JUDGE

---

[2] It remains to be seen whether Mr. Sharlhorne will waive his Fifth Amendment rights and testify. Instead, the Court will need to advise him of his rights before it can find that he has knowingly and intelligently waived his right against self-incrimination. In the event that he refuses to testify on this ground, his testimony on issues implicating his Fifth Amendment rights, will be excluded.