**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASON LATRELL THOMAS,<br><br>           Plaintiff,<br><br>      v.<br><br>D. SHEPPARD-BROOKS, et al.,<br><br>           Defendants. | ) CASE NO. 1:06-cv-01332 JLT (PC)<br>)<br>)<br>) ORDER GRANTING DEFENDANT'S MOTION<br>) IN LIMINE<br>)<br>) (Doc. 134)<br>)<br>) |

Defendants move the Court for an order in limine precluding Plaintiff from introducing medical opinion evidence in his testimony. (Doc. 134) In particular, Defendants argue that Plaintiff should not be permitted to testify as to the results of medical evaluations, the medical causation for his injury, information related to any medical opinion that a preexisting condition was exacerbated by the actions at issue or as to any diagnosis. Id. at 1-2.

Under the Federal Rules of Civil Procedure 702, a person is permitted to testify as to "scientific, technical or other specialized" information if the witness is "qualified as an expert by knowledge, skill, experience, training or education" and the testimony is based upon sufficient facts or data, the testimony is based upon reliable analysis and the witness applies this reliable analysis to the data.

Here, it appears that Defendants are concerned that Plaintiff will seek to introduce medical evidence about his condition which is, of course, information within the purview of a medical expert.

1  Plaintiff does not offer any opposition to the motion and the Court is not aware that Plaintiff has any
2  medical expertise.  Thus, Plaintiff will not be permitted to offer any medical opinion or to report
3  what one any medical professionals *told* him about his condition.
4        However, Plaintiff may testify about his own perceptions of what he felt when the injury
5  occurred and how it feels now, how his physical condition impacts his life, including any limitations,
6  and as to any other information that is within his own personal knowledge based upon his own
7  perceptions.  Likewise, if relevant, he may cross-examine any testifying medical expert about
8  Plaintiff's condition but he is not personally permitted to testify as to any scientific conclusions
9  regarding his medical condition.  Therefore, Defendants' motion in limine is **GRANTED**.

11  IT IS SO ORDERED.
12  Dated:   **February 28, 2012**                                    /s/ Jennifer L. Thurston
                                                              UNITED STATES MAGISTRATE JUDGE

2